# Vulcanite Paving Company *v.* McNichol, Appellant.

*Contract—Municipal contractor—Paving—Affidavit of defense.*

In an action by a subcontractor against a city contractor to recover for asphalt pavement, where the statement of claim avers that the work was to be paid for on monthly estimates, and that it had been accepted as satisfactory, an affidavit of defense is sufficient which distinctly denies that payments were to be made on monthly estimates, or that the work had been accepted as satisfactory, and avers that the work was not to be paid for unless and until the same was paid for by the city.

In such a case the contractor is not required to aver that he had fully complied with his contract with the city, and that the refusal of the latter to pay was unwarranted. The withholding of payment by the city gave rise to no inference of a default on the contractor's part. It may have been for a good reason, or for a bad one. There was no presumption either way.

Argued March 22, 1906.  Appeal, Nos. 60 and 61, Jan. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1905, No. 2,544, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Vulcanite Paving Company v. Daniel J. McNichol, James P. McNichol and Israel W. Durham, Copartners, trading as D. J. McNichol.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.  Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to open judgment.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* in No. 60 was in discharging rule to open judgment.

*Error assigned* in No. 61 was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Meredith Hanna,* with him *James W. King,* for appellants, cited: Murphy v. Liberty Nat. Bank, 179 Pa. 295; Fritz v. Hathaway, 135 Pa. 274.

*Edwin O. Michener,* for appellee.

OPINION BY MR. JUSTICE FELL, April 30, 1906:

This appeal is from an order making absolute a rule for judgment for the amount for which the affidavit of defense was insufficient with leave to proceed for the balance.  It appears from the statement of claim that the defendants had entered into a contract with the city of Philadelphia to do all the work and to furnish the materials required in the improvement of a boulevard, and that the plaintiff contracted with them to do a part of this work.  There was no formal contract between the parties.  The plaintiff submitted a proposal in writing in which it named the prices for which it would do particular kinds of work.  The time of payment was fixed by oral agreement.  It is alleged in the statement that payments were to be made monthly on estimates furnished by the

plaintiff, and that there was due $9,002.30 for work done and material furnished in April, May, June and part of July, 1905; that estimates for these months had been delivered to the defendants and accepted without objection; that the work was done in accordance with the contract between the plaintiff and the defendants and was accepted as satisfactory, and that no objection to it had been made by the defendants nor by the city.

The affidavit of defense contains a distinct denial that payments were to have been made on monthly estimates, or that the work done by the plaintiff had been accepted as satisfactory. It sets up an agreement as to the time of payment as follows: "It was further agreed that when estimates should be made each month by the district surveyor of the fifth district, and rendered to the defendants by the assistant of the bureau of highways for the seventh district, showing the work done and materials furnished by the defendant, up to the date of making the estimate, including the work done and materials furnished by plaintiff, then defendants should pay plaintiff for their work and materials after defendants were paid for the same by the city of Philadelphia; and defendants were not obliged to pay for such work or materials unless and until the same were paid for by the city of Philadelphia; and the plaintiff should do over again at its own expense any part of its work which the defendant should be required by the city of Philadelphia to have done over again in accordance with its contract."

The additional averments in the affidavit that are material in considering the question before us are that the city had not paid the defendants for any work done under their contract after April 29, but had refused to pay for the same, and had stopped all further work under its contract with the plaintiff. There is an admission in the affidavit that the defendants had been paid by the city the amount of an estimate rendered May 1, 1905, and that in the estimate was included work done by the plaintiff to the amount of $2,270.60.

On the argument of the rule for judgment it was contended by the plaintiff's counsel that the affidavit was insufficient to prevent judgment for any part of the plaintiff's claim, and the court was asked to make the rule absolute for the whole amount

thereof.   This was done on the ground that as to the first item of $2,270.60 for work done in April the defendants had received payment from the city, and that as to the other items the plaintiff was not required to await payment until the defendants and the city litigated the matter at issue between them, there being no averment in the affidavit that the city had wrongfully stopped the work and withheld payment; and that in the absence of such an averment the inference arose that there had been a default on the part of the defendants.   An affidavit of defense is sufficient when it fairly meets the case set up by the plaintiff by a specific statement of facts which make out a prima facie defense.   The plaintiff's claim was met by a denial that payments were to be made on monthly estimates and by the averment of an agreement as to the time of payment by which nothing was due for work done after April 29, 1905.   This was sufficient to prevent judgment for the balance of the claim.   The defendants were not required to aver that they had fully complied with their contract with the city and that the refusal of the latter to pay was unwarranted. The withholding of payment by the city gave rise to no inference of a default on their part.   It may have been for a good reason or for a bad one.   There was no presumption either way.

The judgment is reversed and set aside, and it is directed that judgment be entered in the common pleas for the amount of the first item of the plaintiff's claim, $2,270.60, with leave to the plaintiff to proceed for the balance.

The decision of the court on this appeal makes the question presented by appeal No. 60 of the same term unimportant and the appeal is dismissed.